UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DAMIAN LEE,                         )
                                    )
            Plaintiff,              )
    v.                              )   Civil Action No. 11-1982 (JDB)
                                    )
DAVID WALKER BOS,                   )
                                    )
            Defendant.              )
_____)

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss. For the reasons discussed below, the motion will be granted.

### I. BACKGROUND

In June 2003, defendant David Walker Bos, a Federal Public Defender, was appointed to represent plaintiff, an indigent criminal defendant, in a matter before the United States District Court for the District of Columbia. *See* Compl. at 1, 3-4.[1] Allegedly, "[p]laintiff was lead [sic] to believe that said appointment was Pro Bono . . . but [d]efendant was actually 'hired' by the [p]laintiff's opposing party," *id.* at 4, that is, by the United States, in whose name the criminal prosecution was brought. According to plaintiff, defendant "elected not to disclose to [p]laintiff that he was not Pro Bono and that he was 'hired' by" the government, and his "'silence' in this matter constitutes both 'constructive fraud' and 'fraudulent concealment.'" *Id.* By accepting

---

[1] Defendant entered his appearance as counsel for plaintiff on June 10, 2003. *See* Compl. at 3; *United States v. Lee*, No. 1:03-cr-0286 (D.D.C. June 10, 2003). "That representation ended when [p]laintiff was sentenced on December 19, 2003." Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss at 1.

- 1 -

what plaintiff characterizes as "third party payment" from the government without plaintiff's consent, defendant not only violated Rules 1.8(f) and 6.1 of the American Bar Association's Model Rules of Professional Conduct for attorneys, *see id.* at 1, 8-10, but also "robbed [plaintiff] of his right to full and complete disclosure," *id.* at 21 (emphasis removed).[2] In addition, defendant allegedly breached "a fiduciary duty to completely disclose all material information relevant [to] the matter involving [his] representation of [p]laintiff," particularly the compensation he received from the government. *Id.* Although plaintiff has not articulated any particular injury he suffered, he "justifiably seeks $422,000.12 . . . in damages . . . for [defendant's alleged] 'willful' actions of fraud and deceit, in violation of D.C. law, constituting 'constructive fraud' and 'fraudulent concealment.'" *Id.* at 21-22.

## II.  DISCUSSION

### A.  *Dismissal Standard Under Rule 12(b)(6)*

Defendant moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the complaint fails to state a claim upon which relief can be granted. *See*

---

[2] Rule 1.8, in relevant part, provides:

> (f) A lawyer shall not accept compensation for representing a client from one other than the client unless:
> (1) the client gives informed consent;
> (2) there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and
> (3) information relating to representation of a client is protected . . . .

MODEL RULES OF PROF'L CONDUCT R. 1.8(f).  Rule 6.1 pertains to an attorney's professional responsibility to provide voluntary *pro bono* legal services, particularly to "persons of limited means."  MODEL RULES OF PROF'L CONDUCT R. 6.1(a)(1).  Plaintiff relies on "ABA rules as evidence of [defendant's] misconduct."  Pl.'s Rebuttal to Def.'s Mot. to Dismiss These Proceedings at 3.  He contends that defendant was "bound to obey" these rules, *id.*, and that the alleged violation of these rules supports the argument that defendant breached his fiduciary duty to plaintiff.  *See id.*

*generally* Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 4-11.[3]  A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *See Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002).  "[T]he complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s the] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Comm'cns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).  A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), but it, too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1950).

B. *Plaintiff Fails to State Claims of Fraud and Fraudulent Concealment*

"Fraud is never presumed and must be particularly pleaded." *Bennett v. Kiggins,* 377 A.2d 57, 59 (D.C. 1977), *cert. denied,* 434 U.S. 1034 (1978).  "The essential elements of

---

[3]   For purposes of this Memorandum Opinion, the Court presumes, without deciding, that service of process was effected properly and that this Court may exercise personal jurisdiction over defendant.  Accordingly, the Court declines to address defendant's arguments, *see generally* Def.'s Mem. at 2-4, for dismissal of the complaint under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(4) and (5) for insufficient process and insufficient service of process.

common law fraud are: (1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation." *Id.* "Nondisclosure or silence . . . may constitute fraud [as well]." *Id.*; *see McWilliams Ballard, Inc. v. Broadway Mgmt. Co., Inc.*, 636 F. Supp. 2d 1, 5 (D.D.C. 2009) ("A claim for fraud may be founded on a false representation or a willful omission.") (citing *Bell v. Rotwein,* 535 F. Supp. 2d 137, 144 (D.D.C. 2008)).  A plaintiff also must have suffered some injury as a consequence of his reliance on the misrepresentation.  *Chedick v. Nash,* 151 F.3d 1077, 1081 (D.C. Cir. 1998) (citing *Dresser v. Sunderland Apartments Tenants Ass'n, Inc.,* 465 A.2d 835, 839 (D.C. 1983)).

The elements of a claim of fraudulent concealment are:

> (1) a duty on behalf of the defendant to disclose to the plaintiff a material fact; (2) the failure to disclose that fact; (3) an intention to defraud or deceive the plaintiff; (4) action taken by the plaintiff in justifiable reliance on the concealment; and (5) damages as a result of the defendant's concealment.

*Howard Univ. v. Watkins*, __ F. Supp. 2d __, __, 2012 WL 1454487, at *6 (D.D.C. Apr. 27, 2012) (citing *Alexander v. Wash. Gas Light Co.,* 481 F. Supp. 2d 16, 36–37 (D.D.C. 2006)).

In addition to these elements, the Federal Rules of Civil Procedure require that "[in] all averments of fraud . . . the circumstances constituting fraud shall be stated with particularity." Fed. R. Civ. P. 9(b).  A plaintiff raising a fraud or fraudulent concealment claim, then, must allege with particularity matters such as the time, location and content of the alleged misrepresentations, the misrepresented facts, and what was gained or lost as a result of the fraud. *See United States ex rel. Williams v. Martin-Baker Aircraft Co.,* 389 F.3d 1251, 1256 (D.C. Cir. 2004) (citing *Kowal,* 16 F.3d at 1278); *Firestone v. Firestone,* 76 F.3d 1205, 1211 (D.C. Cir. 1996) (stating that "[p]arties pleading fraudulent concealment must plead with particularity the

facts giving rise to the fraudulent concealment claim and must establish that they used due diligence in trying to uncover the facts") (internal quotation omitted)).

Under plaintiff's alternative theories of fraud, defendant's purposeful silence as to the existence and source of payment for legal services rendered allegedly comprised a false representation.  Absent from the complaint, however, are factual allegations to show that the alleged misrepresentation pertained to a material fact.  It is apparent that the Court appointed a Federal Public Defender to represent plaintiff in a criminal matter – at no cost to plaintiff.  *See* 18 U.S.C. § 3006A(g)(2)(A) (stating that "[a] Federal Public Defender Organization shall consist of . . . full-time salaried attorneys" whose "[c]ompensation . . . shall be fixed by the Federal Public Defender").  Of course, that appointment by itself does not give rise to a fraud or fraudulent concealment claim.

Plaintiff does not allege that his acceptance of defendant's legal services in any way depended on defendant's source of payment.  Nor does plaintiff indicate what action, if any, he took in reliance on defendant's alleged false representation.  He does not, for example, allege that he would have refused defendant's services if he had been made aware of defendant's employment by the Judicial Branch of the federal government.  Lastly, plaintiff does not allege any injury sustained as a consequence of his reliance on defendant's alleged false representation.

### C.  Plaintiff Fails to State a Constructive Fraud Claim

Constructive fraud presumes the existence of a fiduciary relationship between the parties. *See 3D Global Solutions, Inc. v. MVM, Inc.*, 552 F. Supp. 2d 1, 8 (D.D.C. 2008) (stating that, under District of Columbia law, a constructive fraud claim requires proof that plaintiff had a confidential relationship with defendant); *cf. Nguyen v. Voorthuis Opticians, Inc.*, 478 F. Supp. 2d 56, 64 (D.D.C. 2007) (stating that, under Virginia law, "[c]onstructive fraud differs from

actual fraud only in that the misrepresentation of material fact is . . . made innocently or negligently" (internal quotation marks and citation omitted)).  A breach of fiduciary duty claim requires a plaintiff to allege "that the defendant: 1) owed plaintiff a fiduciary duty; 2) the defendant breached that duty; and 3) the breach proximately caused injury to the plaintiff."  *3M Co. v. Boulter*, __ F. Supp. 2d __, __, 2012 WL 386488, at *30 (D.D.C. Feb. 12, 2012) (citation omitted).  Such a claim "is not actionable unless injury accrues to the beneficiary or the fiduciary profits thereby."  *Randolph v. ING Life Ins. & Annuity Co.*, 973 A.2d 702, 709 (D.C. 2009) (citations omitted).

Even if the Court were to conclude that defendant unintentionally withheld from plaintiff the fact of his federal government employment and thereby breached a fiduciary duty owed to plaintiff, his constructive fraud claim nonetheless fails.  Wholly absent from the complaint are factual allegations showing that plaintiff sustained any injury as a result of defendant's actions, or that defendant, a salaried employee, profited as a result of his alleged fraud.

Although detailed factual allegations are not required at the pleading stage, a complaint must offer more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 129 S. Ct. at 1949 (citations omitted).  Here, plaintiff's complaint merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *id.* (quoting *Twombly*, 550 U.S. at 557), and thus fails to plead adequately a claim of fraud, fraudulent concealment, or constructive fraud. *See Atraqchi v. GUMC Unified Billing Servs.*, 788 A.2d 559, 563 (D.C.  2002) (affirming dismissal of fraud claim where, "[o]ther than providing conclusory allegations, there are no facts in the complaint that would allow a court to draw an inference of fraud").

## III.  CONCLUSION

Plaintiff's complaint fails to allege a fraud claim of any sort and, accordingly, defendant's motion to dismiss will be granted.  An Order accompanies this Memorandum Opinion.



DATE:  July 11, 2012                                  JOHN D. BATES
                                                                        United States District Judge